**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


WENDY PETERSON,

    Plaintiff,

v.                                   CASE NO: 8:09-cv-1087-T-26TGW

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

                                   /


## **O R D E R**

Defendant has inundated this Court with a twenty-five page motion to strike impertinent

and scandalous matter from Plaintiff's complaint, to which is attached two exhibits, a twelve

page *emergency* motion for protective order,[1] Plaintiff's deposition taken September 16 and 17,

2009, comprising 497 pages, and affidavits of seven individuals. After due consideration of the

court file and Defendant's submissions, the Court is of the opinion that the motions are due to be

denied thus obviating the need for responses from Plaintiff.

Defendant's motion to strike is clearly untimely under the provisions of Rule 12(f)(2) of

the Federal Rules of Civil Procedure because it was filed almost four months after Defendant

responded to the complaint with its answer and affirmative defenses. See Baldwin v.

---

[1] Because the motion involves depositions scheduled for October 14, 15, 20, 23, 2009, and November 12, 2009, the Court does not view this matter as one involving an emergency. Defense counsel is cautioned that "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Local Rule 3.01(e).

Northwestern Mut. Life Ins. Co., 1994 WL 150831 (M.D. Fla. 1994).  Under the rule,

Defendant's motion to strike was required to be filed prior to responding to Plaintiff's complaint,

and defense counsel has offered no reasonable explanation why the motion could not have been

filed within that period of time, especially with regard to non-availability during that period of

the affiants to the seven affidavits who offered sworn statements to refute Plaintiff's allegations

in paragraphs 23, 24, and 25 of her complaint.  Furthermore, defense counsel offers no

explanation as to why she waited more than two weeks following Plaintiff's deposition to file the

motion, unless the intent was to place Plaintiff at a disadvantage on the eve of the mediation

conference scheduled for tomorrow.

Finally, in the Court's view, the motion to strike is little more than a disguised motion for

summary judgment.  The Court notes in that regard that the parties still have until April 15,

2010, to engage in meaningful discovery, and that dispositive motions are not due until May 31,

2010.[2]  Consequently, Defendant may raise anew the issues raised in the motion to strike within

the context of a motion for summary judgment filed after the completion of discovery.  See

Wilson v. Farley, 239 Fed.Appx. 239, 250 (11th Cir. 2006) (unpublished opinion) (finding that

district court did not abuse its discretion in directing parties to refrain from filing a motion for

summary until the expiration of the discovery process).

As to the motion for protective order, it is clear from Rule 26(b)(1) that Plaintiff  "may

obtain discovery regarding any nonprivileged matter that is relevant to [her] claim . . ."  It is also

clear from the text of the rule that "[r]elevant information need not be admissible at the trial if

---

[2]  See Case Management and Scheduling Order entered July 15, 2009, at docket 10.

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As interpreted, "the deposition-discovery rules are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392 (1947). In this case, and in light of the clear intent of the discovery rules as interpreted by the Supreme Court, Defendant has failed to convince the Court that it should impose the suggested restrictions on Plaintiff's counsel's right to undertake meaningful discovery on behalf of his client in order to elicit relevant information in support of her claim. Counsel for the parties are reminded, however, that at the scheduled depositions, they are to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." Local Rule 2.04(h).

Accordingly, it is ordered and adjudged that Defendant's Motion to Strike (Dkt. 15) and Emergency Motion for Protective Order (Dkt. 18) are denied.

**DONE AND ORDERED** at Tampa, Florida, on October 5, 2009.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**



COPIES FURNISHED TO:
Counsel of Record